

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00021-CR

Robert Ray **LACINA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CR-18-0000127
Honorable M. Rex Emerson, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:         Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: April 10, 2024

AFFIRMED; MOTION TO WITHDRAW GRANTED

In 2018, Appellant Robert Ray Lacina was indicted for robbery with prior conviction

enhancement, and he pled guilty. The trial court deferred adjudication and sentenced him to ten

years of community supervision.

Later, the State alleged that Lacina had violated multiple conditions of his community

supervision, and it moved to adjudicate the robbery charge. In 2022, Lacina pled true to most of

the State's allegations. The trial court adjudicated Lacina's guilt, and it assessed punishment at

confinement in the Texas Department of Criminal Justice—Institutional Division for a period of sixty years. Lacina appealed his conviction.

Having reviewed counsel's *Anders* brief, Lacina's pro se brief, and the record, we affirm the trial court's judgment.

## COURT-APPOINTED COUNSEL'S ANDERS BRIEF

Lacina's court-appointed appellate counsel filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967); counsel also filed a motion to withdraw. The brief recited the relevant facts with citations to the record. It added that counsel reviewed the appellate record and concluded that "there are no issues warranting reversal of the trial court's judgment." *See Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.).

We conclude appellate counsel's brief meets the *Anders* requirements. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Counsel provided Lacina with a copy of the brief and counsel's motion to withdraw, and informed Lacina of his right to review the record and file a pro se brief. *See Nichols*, 954 S.W.2d at 85–86; *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Counsel also advised Lacina of his right to request a copy of the record and provided Lacina with a motion to request a copy of the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

## APPELLANT'S PRO SE BRIEF

Lacina requested and received a copy of the appellate record. His pro se brief raises five issues: (1) ineffective assistance of counsel, (2) prosecutorial vindictiveness, (3) a *Brady* violation, (4) procedural due process violations, and (5) excessive or cruel and unusual punishment.

**CONCLUSION**

Having reviewed the record, the *Anders* brief, and Lacina's pro se brief, we conclude that there are no arguable grounds for appeal and the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We affirm the trial court's judgment, and we grant appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 85–86; *Bruns*, 924 S.W.2d at 177 n.1.

**FURTHER REVIEW**

No substitute counsel will be appointed. Through a retained attorney or by representing himself, Lacina may ask the Court of Criminal Appeals to review his case by filing a petition for discretionary review. The petition must be filed with the clerk of the Court of Criminal Appeals within thirty days from the date of either (1) this opinion or (2) the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2, 68.3(a). The petition must also comply with Rule 68.4. TEX. R. APP. P. 68.4.

Patricia O. Alvarez, Justice

Do not publish